The opinion of the Court was delivered by
Dunkin, Ch.
The assignment of W. B. Dunlap to the defendant, L. H. Massey, does not purport to be a general assignment of his estate. The defendant, Massey, has, therefore, no concern in any way with the alleged fraudulent transfer of four slaves by Dunlap to John Foster, and, on that ground the bill was properly obnoxious to the charge of multifariousness. But for the other matters charged in the bill the same may be well maintained, as it appears to the Court, against both defendants ; as is stated by Mr. Mitford (Mitf. Pl. 254,) after a demurrer to the whole bill is allowed the bill is, out of Court; and to avoid this consequence, the. Court has sometimes, instead of deciding upon the demurrer, given the plaintiff liberty to amend his bill, paying the cost incurred by the defendant — and, in a note, cases are cited in which the Court, upon allowing a demurrer, have given the party leave to amend. But (he continues) where a demurrer leaves any part of the bill untouched, the whole may be amended notwithstanding the allowance of the demurrer.
In Story’s Equity PL § 532, a case is cited where a suit was brought against a corporation to establish eight charitable trhsts created by distinct instruments and different donors at different times, for charitable purposes generally similar in their nature; and no other corporation was interested in any of them but the last charity. It was held by the Court, upon a demurrer for multifariousness, that the bill was maintaina *379 ble for the first seven charities; and that the bill might be amended by striking out the eighth charity, in which another corporation was interested.
The Court is of opinion that leave should have been given to the plaintiff to amend his bill by striking out all that part which relates to the alleged fraudulent transfer of four slaves by W. B. Dunlap to the defendant, John Foster, the plaintiff paying to the defendant, S. H. Massey, the costs on-the demurrer. It is now so ordered, and the decree of the Circuit Court, dismissing the plaintiffs’s bill, is reformed accordingly.
Johnston and Wardlaw, CC., concurred.

Decree modified,